| | |
|---|---|
| **AUDI AG**<br>Postfach 100457<br>D-85045 Ingolstadt<br>Germany<br><br>**VOLKSWAGEN GROUP OF AMERICA, INC.**<br>2200 Ferdinand Porsche Drive<br>Herndon, Virginia 20171<br><br>**BENTLEY MOTORS LIMITED**<br>Pyms Lane, Crewe<br>Cheshire, CW1 3PL<br>England<br><br>**BENTLEY MOTORS, INC.**<br>75 Arlington St., 5th Fl.<br>Boston, Massachusetts 02116<br><br>   Plaintiffs,<br>vs.<br><br>**DODGER, LLC**<br>Suite 105<br>17 W. Jefferson Street<br>Rockville, Maryland 20850<br>(Montgomery County)<br><br>**FRED GHEYSSARI**,<br>11454 Baltimore Blvd.<br>Beltsville, Maryland 20705-1965<br>(Prince George's County)<br><br>**RYAN MANN**<br>2738 Ashmont Terrace<br>Silver Spring, Maryland 20906<br>(Montgomery County) | **Civil Action No**. |

**Street Dreamz Auto Customs, LLC
2738 Ashmont Terrace
Silver Spring, Maryland 20906
(Montgomery County)**

      **Defendants.**

# COMPLAINT

Plaintiffs Audi AG, Volkswagen Group of America, Inc., Bentley Motors Limited and Bentley Motors, Inc. (collectively, "Plaintiffs"), for their claims against Defendants Dodger, LLC, Fred Gheyssari, Ryan Mann and Street Dreamz Auto Customs, LLC (collectively, "Defendants") allege as follows:

## NATURE AND SUBSTANCE OF THE ACTION

1. This suit arises from Defendants' unauthorized use and prominent display of exact replicas of Plaintiffs' prestigious and world-famous Audi and Bentley trademarks and trade dress. Defendants feature Plaintiffs' trademarks in its business signage to convey the false impression to consumers that Defendants are associated with Plaintiffs.

2. Plaintiffs assert claims for federal trademark infringement, trademark dilution, and false designation of origin or sponsorship under Sections 32(1), 43(c), and 43(a) of the United States Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. §§ 1114(1), 1125(c), and 1125(a), and trademark infringement under Maryland common law. Plaintiffs seek injunctive relief, compensatory damages, treble damages, attorney fees, and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the federal trademark infringement, trademark dilution, and false designation of origin claims under 28 U.S.C. §§ 1331 and 1338(a), and over

the remaining claim under 28 U.S.C. § 1367(a).

4. This Court has personal jurisdiction over Defendants inasmuch as Defendants may be found in this judicial district and inasmuch as this action arises out of wrongful acts committed by Defendants in this judicial district, which subject it to personal jurisdiction here.

5. Venue is proper under 28 U.S.C. §§ 1391(b)(2) and 1391(b)(3) because Defendants may be found in this judicial district and because a substantial part of the events giving rise to the claim occurred in this judicial district.

## THE PARTIES

6. Plaintiff Audi AG is a German corporation with its principal place of business in Ingolstadt, Germany.

7. Plaintiff Volkswagen Group of America, Inc. is a New Jersey corporation with its principal place of business located in Herndon, Virginia.

8. Plaintiff Bentley Motors Limited is a United Kingdom corporation with its principal place of business in Crewe, England.

9. Plaintiff Bentley Motors, Inc. is a Delaware corporation, with its principal place of business in Auburn Hills, Michigan.

10. Defendant Dodger, LLC is a Maryland limited liability company with its principal place of business in Montgomery County, Maryland, but is conducting business at 11454 Baltimore Blvd. Beltsville, Prince George's County, Maryland, 20705-1965.

11. Defendant Fred Gheyssari is an individual resident of Prince George's County and principal of Dodger, LLC, and is a moving, active conscious force behind Defendants' infringement.

12. Defendant Ryan Mann is an individual and principal of Street Dreamz Auto Customs, LLC, and is a moving, active, conscious force behind Defendants' infringement.

13. Defendant Street Dreamz Auto Customs, LLC is a Maryland limited liability company with its headquarters located in Montgomery County, Maryland, but is conducting business at 2000 Brightseat Rd., Landover, Prince George's County, Maryland, 20785.

### **FACTS COMMON TO ALL CLAIMS**

14. This is a quintessential case of trademark infringement. Plaintiffs Audi and Bentley are two of the most prestigious and valuable brands in the world. Plaintiffs' Audi and Bentley brands have grown to become synonymous with speed, precision, style, and luxury.

15. Defendants operate an automobile sales and service business in direct competition with Plaintiffs' network of licensed dealers. To advertise and promote their business and to mislead the public into believing that Defendants' businesses are affiliated with or licensed by Plaintiffs, Defendants prominently display exact replicas of Audi and Bentley's world famous trademarks on the exterior signage of the building located at 2000 Brightseat Rd., Landover, Maryland. An image depicting Defendants' business facility displaying the Audi and Bentley Marks is set forth below:



16. Despite Defendants' acknowledgement that their display of Plaintiffs' trademarks is unauthorized, Defendants refuse to remove Plaintiffs' trademarks from their signage and persist in their blatant infringement of Plaintiffs' rights, leaving Plaintiffs no choice but to file this suit.

*Plaintiffs' Trademarks*

17. Plaintiffs own numerous United States Trademark Registrations for BENTLEY® (Reg. No. 2,985,659) and AUDI® (Reg. Nos. 1,079,063 and 0,708,352) and design trademarks or logos used in conjunction with Plaintiffs' trademarks, including WINGED BENTLEY B® (Reg. Nos. 0,344,524 and 0,363,400) and AUDI RINGS® (Reg. Nos. 0906525, 2073484, 2083439, 2303986, 2849974, 3007305, 2987328, and 3201037) (depicted in paragraph 24 herein below).

18. Such registrations are valid, unrevoked, subsisting, and incontestable, and constitute *prima facie* evidence of Plaintiffs' exclusive ownership of these trademarks. In addition, Plaintiffs claim common law trademarks in the same marks. The trademarks described in this paragraph are collectively referred to herein as the "Audi and Bentley Marks."

19. Plaintiffs have continuously used the Audi and Bentley Marks in connection with the promotion, advertising, and sale of luxury automobiles and related products and services since 1960 and 1919 respectively, and well before the acts of Defendants complained of herein.

20. Plaintiffs have spent millions of dollars and have expended significant effort in advertising, promoting, and developing the Audi and Bentley Marks throughout the United States and the world. Among many other things, Plaintiffs operate websites at *audiusa.com* and *bentleymotors.com* to promote

and advertise Plaintiffs automobiles and related products and services and authorizes its dealers and licensees to operate similar websites, subject to terms and conditions set by Plaintiffs.

21. As a result of such advertising and expenditures, Plaintiffs have established considerable goodwill in the Audi and Bentley Marks. The Audi and Bentley Marks have become widely known and recognized throughout the world as symbols of luxury automobiles and related products and services. The Audi and Bentley Marks are invaluable assets of substantial and inestimable worth to Plaintiffs.

22. Plaintiffs license separate networks of authorized dealers and repair facilities to use the Audi and Bentley Marks. Plaintiffs exercise great care in the selection of their authorized dealers and licensees and exert substantial effort to control the nature and quality of the goods and services provided by such dealers and licensees under the Audi and Bentley Marks.

### *Defendants' Infringement of the Audi and Bentley Marks*

23. Defendants sell automobile related services in direct competition with Plaintiffs' authorized dealers.

24. Defendants also prominently display exact replicas of the Audi and Bentley Marks on its retail premises located in Landover, Maryland. In particular, Defendants prominently display exact replicas of WINGED BENTLEY B® and AUDI RINGS® trademarks on the front of their building. An image depicting Defendants' use of the Audi and Bentley Marks as it currently appears on Defendants' window signage juxtaposed with Plaintiffs' registered trademarks are displayed below:



25. The Audi and Bentley Marks are displayed by Defendants on the business signage at the building located at 2000 Brightseat Rd, Landover, Maryland where Defendants Street Dreamz Auto Customs, LLC and Ryan Mann conduct an automobile service business.

26. Defendants Dodger, LLC and Fred Gheyssari are the owners of the real property located at 2000 Brightseat Rd, Landover, Maryland and are moving, conscious, and active forces behind the infringing acts complained of herein, and actively participated in, approved, or acquiesced in the acts of infringement alleged herein.

27. Upon information and belief, Defendants Dodger, LLC and Fred Gheyssari knew that the Audi and Bentley Marks were being displayed on the building located on their real property and have refused to comply with Plaintiffs' demands to remove the Audi and Bentley Marks from their property.

28. None of the Defendants are licensed by, or affiliated with, Plaintiffs.

29. Defendants have not been authorized to use the Audi and Bentley Marks and have persisted in doing so in the face of Plaintiffs' active opposition.

30. Defendants' unauthorized use of the Audi and Bentley Marks constitute a misappropriation of Plaintiffs' intellectual property and the goodwill associated with the Plaintiffs' brands, and is likely to cause potential purchasers of Defendants' products and services, as well as the public at large, to believe that Defendants are licensed or endorsed by Plaintiffs.

31. In addition, Defendants' unauthorized use of the Audi and Bentley Marks dilutes, tarnishes, and whittles away the distinctiveness of the Audi and Bentley Marks.

## **FIRST CLAIM FOR RELIEF**
**(Trademark Infringement)**

32. The allegations set forth above are incorporated herein by reference.

33. The Audi and Bentley Marks are inherently distinctive and have acquired secondary meaning. The public associates the Audi and Bentley Marks exclusively with Plaintiffs and the luxury automobiles and related services that they manufacture and sell. The distinctiveness of the Audi and Bentley Marks has been fortified through extensive advertising and sales of Plaintiffs' goods and services throughout the world.

34. Despite Plaintiffs' well-known prior rights in the Audi and Bentley Marks and without Plaintiffs' authorization, Defendants have used and continue to use counterfeits, copies, reproductions, or colorable imitations of the Audi and Bentley Marks in connection with the advertisement, promotion, and sale of Defendants' goods and services.

35. Defendants have willfully infringed Plaintiffs' exclusive rights in the Audi and Bentley Marks in violation of 15 U.S.C. § 1114.

36. Defendants' use of the Audi and Bentley Marks or colorable imitations thereof has been and continues to be done with the intent to cause confusion and mistake, and to deceive consumers concerning the source or sponsorship of Defendants' goods and services. Accordingly, this is an exceptional case and Plaintiffs are entitled to treble damages, attorney fees, and other extraordinary remedies under 15 U.S.C. § 1117.

37. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered irreparable harm. Unless Defendants are restrained from further infringement of the Audi and Bentley Marks, Plaintiffs will continue to be irreparably harmed.

38. Plaintiffs have no adequate remedy at law that will compensate for the continued and irreparable harm they will suffer if Defendants' acts are allowed to continue.

39. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered damages in an amount to be proved at trial.

## SECOND CLAIM FOR RELIEF
### (Trademark Dilution)

40. The allegations set forth above are incorporated herein by reference.

41. The Audi and Bentley Marks are famous trademarks. They are inherently distinctive and have acquired substantial renown.

42. Plaintiffs have extensively and exclusively used the Audi and Bentley Marks in commerce.

43. Defendants' unauthorized and unlawful use of the Audi and Bentley Marks as described above dilutes the distinctive quality of and tarnishes the Audi and Bentley Marks in violation of 15 U.S.C. § 1125(c)(1).

44. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered irreparable harm. Unless Defendants are restrained from further dilution of the Audi and Bentley Marks, Plaintiffs will continue to be irreparably harmed.

45. Plaintiffs have no adequate remedy at law that will compensate for the continued and irreparable harm they will suffer if Defendants' acts are allowed to continue.

46. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered damages in an amount to be proved at trial.

## THIRD CLAIM FOR RELIEF
### (False Designation of Origin)

47. The allegations set forth above are incorporated herein by this reference.

48. Defendants have knowingly used the Audi and Bentley Marks, or counterfeits, reproductions, copies, or colorable imitations thereof, in connection with the products and services that Defendants promote and sell.

49. By Defendants' unauthorized use of the Audi and Bentley Marks, Defendants have used a false designation of origin that is likely to cause confusion, mistake, or deception as to the connection of Defendants with Plaintiffs in violation of 15 U.S.C. § 1125(a).

50. Defendants have intentionally and willfully used false designations of origin, rendering this case exceptional within the meaning of 15 U.S.C. § 1117(a).

51. Because of Defendants' conduct, Plaintiffs have been irreparably harmed in their business. Moreover, Plaintiffs will continue to suffer irreparable harm unless Defendants are restrained from making false designations of origin, false descriptions, or misrepresentations, as set forth above.

52. Plaintiffs have no adequate remedy at law that will compensate for the continued and irreparable harm that will be caused if Defendants' acts are allowed to continue.

53. Plaintiffs have been damaged by Defendants' acts in an amount to be proved at trial.

### **FOURTH CLAIM FOR RELIEF**
**(Common Law Trademark Infringement)**

54. The allegations set forth above are incorporated herein by this reference.

55. By reason of the acts complained of herein, Defendants have infringed Plaintiffs' trademarks in violation of the common law.

56. Because of Defendants' trademark infringement, Plaintiffs have been irreparably harmed in their business.

57. Defendants' acts have been done knowingly, maliciously, and oppressively, and with intent to trade upon the goodwill of Plaintiffs and to injure Plaintiffs.

58. Defendants will continue their acts of infringement to the irreparable injury of Plaintiffs and the public unless restrained and enjoined.

59. Plaintiffs have no adequate remedy at law that will compensate for the continued and irreparable harm that will be caused if Defendants' acts are allowed to continue.

60. Plaintiffs have been damaged by Defendants' acts in an amount to be proved at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. Under all claims for relief, that a permanent injunction be issued enjoining Defendants, its employees, agents, successors and assigns, and all those in active concert and participation with them, and each of them who receives notice directly or otherwise of such injunctions, from:

(1) imitating, copying, or making unauthorized use of the Audi and Bentley Marks;

(2) importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any service or product using any simulation, reproduction, counterfeit, copy, or colorable imitation of any or all of the Audi and Bentley Marks;

(3) using any simulation, reproduction, counterfeit, copy, or colorable imitation of the Audi and Bentley Marks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of any service or product;

(4) using any false designation of origin or false description, including, without limitation, any letters or symbols constituting the Audi and Bentley Marks, or performing any act, which may, or is likely to, lead members of the trade or public to believe that any service or

product manufactured, distributed, or sold by Defendants is in any manner associated or connected with Plaintiffs or the Audi and Bentley Marks, or is sold, manufactured, licensed, sponsored, approved, or authorized by Plaintiffs;

  (5) engaging in any other activity constituting unfair competition with Plaintiffs with respect to the Audi and Bentley Marks, or constituting an infringement of any or all of the Audi and Bentley Marks, or of Plaintiffs' rights in, or to use or exploit, any or all of the Audi and Bentley Marks; and

  (6) instructing, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (1) through (5) above.

B. For an order directing that Defendants deliver for destruction all signs, labels, tags, prints, packages, videos, and advertisements in their possession or under their control, bearing or using any or all of the Audi and Bentley Marks or any simulation, reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, pursuant to 15 U.S.C. § 1118.

C. For an order directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any service or product manufactured, sold, or otherwise circulated or promoted by Defendants is authorized by Plaintiffs or related in any way to Plaintiffs' products or services.

D. For an order directing that Defendants file with the Court and serve upon Plaintiffs' counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the above.

E. For an order permitting Plaintiffs, or auditors for Plaintiffs, to audit and inspect the books and records of Defendants for a period of six months after entry of final relief in this matter to determine the scope of Defendants' past use of the Audi and Bentley Marks, including all revenues and sales related to Defendants' use of the Audi and Bentley Marks, as well as Defendants' compliance with orders of this Court.

F. For an award of Plaintiffs' costs and disbursements incurred in this action, including Plaintiffs' reasonable attorney fees.

G. For an award of Plaintiffs' damages trebled or, alternatively, an award of Defendants' wrongful profits trebled, whichever is greater, plus Plaintiffs' costs and attorney fees, pursuant to 15 U.S.C. § 1117.

H. For an award of Plaintiffs' damages arising out of Defendants' acts;

I. For an order requiring Defendants to file with the Court and provide to Plaintiffs an accounting of all sales and profits realized by Defendants through the use of the Audi and Bentley Marks and any counterfeits thereof.

J. For an award of interest, including pre-judgment interest on the foregoing sums.

K. For such other and further relief as the Court may deem just and proper.

Dated: September 17, 2009                     Respectfully submitted,


                                              /s/ Laura N. Begun

E. For an order permitting Plaintiffs, or auditors for Plaintiffs, to audit and inspect the books and records of Defendants for a period of six months after entry of final relief in this matter to determine the scope of Defendants' past use of the Audi and Bentley Marks, including all revenues and sales related to Defendants' use of the Audi and Bentley Marks, as well as Defendants' compliance with orders of this Court.

F. For an award of Plaintiffs' costs and disbursements incurred in this action, including Plaintiffs' reasonable attorney fees.

G. For an award of Plaintiffs' damages trebled or, alternatively, an award of Defendants' wrongful profits trebled, whichever is greater, plus Plaintiffs' costs and attorney fees, pursuant to 15 U.S.C. § 1117.

H. For an award of Plaintiffs' damages arising out of Defendants' acts;

I. For an order requiring Defendants to file with the Court and provide to Plaintiffs an accounting of all sales and profits realized by Defendants through the use of the Audi and Bentley Marks and any counterfeits thereof.

J. For an award of interest, including pre-judgment interest on the foregoing sums.

K. For such other and further relief as the Court may deem just and proper.

Dated: September 17, 2009                     Respectfully submitted,


                                              /s/ Laura N. Begun

Richard E. Hagerty, #05646
Laura N. Begun, #17129
1660 International Drive, Suite 600
McLean, Virginia 22102
Telephone: (703) 734-4326
Facsimile: (703) 448-6520
richard.hagerty@troutmansanders.com
laura.begun@troutmansanders.com

Gregory D. Phillips, Not Admitted in Maryland
**HOWARD, PHILLIPS & ANDERSEN**
560 East 200 South, Suite 300
Salt Lake City, Utah 84102
Telephone: (801) 366-7471
Facsimile: (801) 366-7706
gdp@hpalaw.com

*Attorneys for Plaintiffs*

402860v1